UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ASSORTED JEWELRY, VL: $116,500.00,**<br><br>**Defendant.** | Civil Action No. 1:25-cv-1694 (AMN/DJS) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this verified complaint for forfeiture *in rem* against the above-captioned jewelry and alleges as follows:

### NATURE OF THE ACTION

1. This is an action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the defendant Jewelry as the proceeds of offenses in violation of 21 U.S.C. §§ 841 and 846. Section 881(a)(6) provides for the forfeiture of the following:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

### THE PARTIES

2. The plaintiff is the United States of America.

3. The defendant is assorted jewelry with a value of $116,500.00.

4. The defendant jewelry is presently in the plaintiff's custody.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."

6. This Court has *in rem* jurisdiction over the defendant Jewelry and venue is properly situated in this district pursuant to 28 U.S.C. § 1355(b), which provides that a forfeiture action or proceeding "may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."

7. Venue is also properly situated in this district pursuant to 28 U.S.C. § 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found."

## FACTS

8. The Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI) and many local law enforcement agencies have been investigating the drug activities of a suspected drug trafficking organization (DTO) in and around the Albany area.

9. Anthony Medina was identified as a member of the DTO.

10. On June 12, 2025, agents and local law enforcement executed a federal search and seizure warrant at Medina's residence in Painted Post, New York.

11. Agent located and seized two iPhones on the couch in the living room and U.S. currency on the floor in a Walmart bag.

12. In the kitchen, agents located a money counter and an Apple watch and multiple iPhones in a drawer.

13. Agent seized another iPhone in the master bedroom on the bed, U.S. currency in a cloth bin on the floor, U.S. currency in a Walmart bag on the closet floor, and assorted jewelry throughout.

14. The total U.S. currency located in the residence totaled $105,660.00.

15. The defendant jewelry consists of 10 items with a combined value of $116,500.00.

16. Before his arrest on June 12, 2025, Medina was unemployed.

17. On July 8, 2025, Medina was indicted in United States District Court for the Northern District of New York in case 1:25-cr-00282 (AMN). Medina was charged with one count of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) and (B).

## **CONCLUSION**

18. The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the defendant Jewelry to file and serve their Verified Claims and Answers as required by Title 18, United States Code, Section 983(a)(4) and Supplemental Rule G;

(3)  Enter judgment declaring the defendant Jewelry to be forfeited and condemned to the use and benefit of the plaintiff; and

(4)  Award such other and further relief to the plaintiff as it deems just and proper.

Dated:  December 3, 2025

/s/Todd Blanche
TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
Acting United States Attorney

By:

Nicholas Walter
Assistant United States Attorney
Bar Roll No. 706029

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ALBANY     )

Robert Willey, being duly sworn, deposes and states:

I am a Task Force Officer with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon personal knowledge and information received from other law enforcement officers.

Dated this 3rd day of December, 2025.

_____
Robert Willey, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me
this 3rd day of December, 2025.

_____
Notary Public

